REBECCA LAUB AND WILLIAM LAUB, PLAINTIFFS-RE-SPONDENTS, v. CITY OF CAMDEN, DEFENDANT-APPEL-LANT.

WILLIAM LAUB, PLAINTIFF-RESPONDENT, v. CITY OF CAMDEN, DEFENDANT-APPELLANT.

Argued May 6, 1941—Decided May 26, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *John J. Crean* (*Edward V. Martino,* of counsel).

For the respondent, *Carl Kisselman.*

The opinion of the court was delivered by

COLIE, J.  Defendant appeals from judgments entered against it in favor of Rebecca Laub for $75; and in favor of William Laub for $8, for damages he sustained incidental to the injuries received by Rebecca Laub, $189.98 the stipulated amount of the damages to his car and $64 for injuries sustained by him in the accident.

The facts are that William Laub was driving his car southerly on Seventh street in the City of Camden. His wife, Rebecca Laub, was a passenger therein. It was late at night, rainy and misty. At the intersection of Market and Seventh streets, the City of Camden had, on the day of the accident, put in operation new traffic lights, one at each corner of the intersection. A former traffic standard located in the center of Seventh street had been left standing and the light removed, but a lighted red lantern had been placed on the standard about seven hours prior to the accident. As the Laub car approached the corner, it was laterally away from the curb because of parked cars. This brought it in line with the traffic standard. Directly ahead, a distance of ten feet, was another car going in the same direction, which car suddenly swerved to the right and before William Laub, the driver, could do the same, he struck the standard. There was testimony from which the District Court Judge, sitting without a jury, could find either that there was no lantern on the standard, or that if there was, it was inadequate.

Appellant urges that there was error in the refusal of the District Court to nonsuit or direct a verdict for the defendant municipality. We think that there was ample testimony in the case from which the court could properly find active wrongdoing and that, therefore, its rulings on the motions to nonsuit and direct a verdict were proper. The need and use of the standard as a support for warning lights having permanently ceased, what remained was simply an obstruction to traffic which would be a public nuisance, at least if not properly lighted. *Cochran* v. *Public Service Electric Co.,* 97 *N. J. L.* 480; *Allas* v. *Rumson,* 115 *Id.* 593; *Hammond* v. *County of Monmouth,* 117 *Id.* 11.

We find it unnecessary to pass upon the point raised in appellant's brief as to the plaintiff William Laub having split his cause of action in order to remain within the jurisdiction of the District Court. The error, if any, was harmless as the total of all judgments was under the jurisdictional limit.

The judgments of the District Court are affirmed, with costs.